UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.  **CV 16-1904-MWF**                Date:  **March 28, 2016**
Title:       Yanwen Chen v. Massoud Avatefi et. al.

PRESENT:  HONORABLE MICHAEL W. FITZGERALD, U.S. DISTRICT
                 JUDGE

          Rita Sanchez                          None Present
          Courtroom Deputy                      Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:        ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                          None Present

PROCEEDINGS (IN CHAMBERS):  ORDER REMANDING ACTION

        Plaintiff Yanwen Chen filed a Complaint in the Los Angeles Superior Court
on February 18, 2016.  (Docket No. 1).  The Complaint explicitly asserts a
California claim for unlawful detainer.  (Complaint ¶ 8).  Defendant Massoud
Avatefi removed the case to this Court.  (*Id.*).

        For the following reasons, the Court lacks subject-matter jurisdiction over
this action and **REMANDS** it back to the Superior Court of California for the
County of Los Angeles.

        "[F]ederal courts have an independent obligation to ensure that they do not
exceed the scope of their jurisdiction . . . ."  *Henderson ex rel. Henderson v.
Shinseki*, 562 U.S. 428, 434 (2011) (assessing whether a provision of a federal
statute had jurisdictional consequences).  Having reviewed the Notice of Removal,
the Court concludes that the jurisdictional allegations are defective.

        Jurisdiction under § 1332 requires that the amount in controversy exceed
$75,000 and that the parties meet the complete diversity rule.  28 U.S.C. § 1332(a);
*Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 829 (1989).  The parties
here are not completely diverse because Plaintiff and Defendants are domiciled in
California.  (Complaint ¶¶ 3, 7).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-1904-MWF**          Date:  **March 28, 2016**
Title:      Yanwen Chen v. Massoud Avatefi et. al.

Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief.  *Vaden v. Discovery Bank*, 556 U.S. 49, 51 (2009).

A state law claim for relief may arise under federal law if: "(1) federal law completely preempts state law; (2) the claim is necessarily federal in character; or (3) the right to relief depends on the resolution of a substantial, disputed federal question."  *ARCO Envtl. Remediation, L.L.C. v. Dep't of Health & Envtl. Quality of Montana*, 213 F.3d 1108, 1114 (9th Cir. 2000).  Defendants do not, nor can they validly argue, that the latter two scenarios apply here.  Defendants contend, however, that Plaintiff's state claim is completely preempted by 12 U.S.C. §1715z-20(j) of the National Housing Act, and removal is therefore proper.  (*Id.*).

Plaintiff's unlawful detainer claim is fully rooted in state, not federal, law.  *Lundy v. Bradach*, No. 14-CV-00430-LHK, 2014 WL 726559, at *2 (N.D. Cal. Feb. 25, 2014) (rejecting argument that the National Housing Act preempts unlawful detainer claim).  "Preempted state law claims may be removed to federal court only in the rare instances where Congress has chosen to regulate the entire field."  *Arco Envtl. Remediation, LLC*, 213 F.3d at 114.  The National Housing Act is not one of the three federal statutes that completely preempt state law claims.  *See Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 6–7 (2003).  The "mere need to apply federal law in a state law claim" is not sufficient to confer federal jurisdiction.  *Grabble & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

Indeed, Plaintiff's Complaint neither mentions §1715z-20(j) nor alleges facts that would deem it applicable.  Rather, it is Defendants' Notice of Removal that alleges facts applicable to §1715z-20(j).  But allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction.  *Lundy*, 2014 WL 726559 at *2.  Therefore, the Court lacks subject-matter jurisdiction.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

JS-6

CIVIL MINUTES -- GENERAL

Case No.   **CV 16-1904-MWF**                    Date:  **March 28, 2016**
Title:       Yanwen Chen v. Massoud Avatefi et. al.

Accordingly, the Court **REMANDS** the action to the Superior Court of California for the County of Los Angeles (Case No. 16P00821).  The Court **ORDERS** the Clerk to treat this Order, and its entry on the docket, as an entry of judgment.  Local Rule 58-6.

IT IS SO ORDERED.